# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **TERRY NORRIS #306113,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | No. 3:13-0542 |
| v. ) | Judge Trauger/Magistrate Judge Brown |
| ) | Jury Demand |
| **THOMAS SCHAUMAN** *and* ) | |
| **TERRY PHILLIPS** ) | |
| ) | |
| **Defendants.** ) | |

**To: The Honorable Aleta A. Trauger, United States District Judge**

## REPORT AND RECOMMENDATION

Pending before the Court are (1) Plaintiff's second motion to amend his complaint (DE 42-43),[1] (2) Defendant Schauman's motion to dismiss (DE 24), and (3) Plaintiff's motion for default judgment against Defendant Phillips (DE 54). For the reasons stated below, the Magistrate Judge **RECOMMENDS** that Plaintiff's second motion to amend his complaint be **GRANTED**, Plaintiff's federal claims be **DISMISSED** with prejudice, Plaintiff's state law claims be **DISMISSED** without prejudice, and Plaintiff's motion for default judgment against Defendant Phillips be **DENIED** with regard to Plaintiff's federal claims and be **DISMISSED** without prejudice with regard to Plaintiff's state law claims.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff, proceeding *pro se* and *in forma pauperis* while imprisoned in the West Tennessee State Penitentiary ("WTSP"), filed a complaint on June 5, 2013 against Defendant Schauman and Defendant Phillips in their individual and official capacities. (DE 1). Defendant

---
[1] "DE" refers to Docket Entry.

1

Schauman is employed by the Tennessee Department of Correction ("TDOC"), and Defendant Phillips is an inmate and alleged "jailhouse snitch." (DE 1, p. 2 ¶¶ 4-5).

According to Plaintiff, Defendant Phillips was injured in an altercation with a white supremacist gang member in 2012. (DE 1, p. 3 ¶¶ 8-9). When Defendant Schauman pressured Defendant Phillips to reveal the attacker's identity, Defendant Phillips allegedly falsely accused Plaintiff of the assault because Plaintiff is African American and because Plaintiff wanted to protect his fellow white supremacist gang members. (DE 1, p. 3 ¶¶ 12-13). Plaintiff claims that Defendant Schauman knew this accusation was false, classified the statement as "confidential," and failed to turn the information over to the institutional investigator. (DE 1, p. 3 ¶ 14). The TDOC Disciplinary Board found Plaintiff guilty of assault based on Defendant Schauman's testimony and Defendant Phillips' confidential statement. (DE 1, p. 4 ¶ 16). Plaintiff was then transferred from the Riverbend Maximum Security Institution ("RMSI") to WTSP which is farther from his family, does not provide comparable job opportunities to those offered at RMSI, and does not permit Plaintiff to continue his in-prison education program. (DE 1, p. 4 ¶¶ 17-20). Administrative remedies available at RMSI have been exhausted. (DE 1, pp. 4-5 ¶ 21). According to Plaintiff, Defendant Schauman's actions denied him his Fourteenth Amendment due process and equal protection rights; Defendant Phillips deprived Plaintiff of his Fourteenth Amendment equal protection rights; and both defendants conspired to deprive Plaintiff of his Fourteenth Amendment and First Amendment rights. (DE 1, pp. 5-7 ¶¶ 23-30).

On June 25, 2013, Judge Trauger dismissed Plaintiff's due process claims, maintained Plaintiff's equal protection claims, and referred the case to the Magistrate Judge. (DE 4, p. 2). Whether Defendant Phillips was a "state actor" under § 1983 was undecided. (DE 3, pp. 5-6).

Plaintiff filed an amended complaint on July 5, 2013, adding that his assault conviction resulted in a five dollar fine, ten days in punitive segregation, and the loss of time reduction credits. (DE 7, p. 4 ¶ 18). In addition to the equal protection, due process, and First Amendment claims previously pleaded, Plaintiff also claimed that Defendant Schauman violated Tenn. Code Ann. § 41-1-103 and that both defendants are liable for negligence and intentional infliction of emotional distress. (DE 7, pp. 5-9 ¶¶ 25-37). Defendant Schauman answered Plaintiff's amended complaint and filed a motion to dismiss on November 8, 2013. (DE 23-25).

On December 2, 2013, Plaintiff sought leave to amend his complaint a second time, adding a claim that Defendant Schauman used Defendant Phillip's assault allegations to classify Plaintiff as "incompatible." (DE 42-1, pp. 3, 6 ¶ 9, 29). According to Plaintiff, inmates do not have a say in the classification process, and inmates are not notified of their classification. (DE 42, p. 1). Plaintiff further alleged that prior to the assault charge he had received all available sentence credits that may be used to decrease his time served. (DE 42-1, p. 3 ¶ 11). Plaintiff contends that Defendants' actions and conspiracy violated the equal protection clause in the Fourteenth Amendment, deprived him of his First Amendment right to intimate association, violated Tenn. Code Ann. § 41-1-103, was negligent, and intentionally inflicted emotional distress. (DE 42-1, pp. 6-9 ¶¶ 29-40).

Defendant Schauman opposed Plaintiff's request to amend his complaint. (DE 45). During this time, Defendant Phillips did not answer any of Plaintiff's complaints, and the Court Clerk entered default against Defendant Phillips. (DE 46). Plaintiff responded to Defendant Schauman's motion to dismiss on December 12, 2013 (DE 48-50) and moved for default judgment against Defendant Phillips on December 20, 2013 (DE 54). Pursuant to the Magistrate Judge's request (DE 51), Defendant Schauman replied to Plaintiff's response to Defendant's

motion to dismiss. (DE 61). Pending before the Court are Plaintiff's second motion to amend his complaint, Defendant Schauman's motion to dismiss, and Plaintiff's motion for default judgment against Defendant Phillips.

## II. MOTION TO AMEND

If timely, parties may amend their pleadings "once as a matter of course." Fed. R. Civ. P. 15(a)(1). Subsequent amendments, such as a second amended complaint, require leave of the court or the opposing party's written consent. Fed. R. Civ. P. 15(a)(2). Although "[t]he court should freely give leave when justice so requires," the court considers "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Id.*; *Miller v. Admin. Office of Courts*, 448 F.3d 887, 898 (6th Cir. 2006).

Pending before the Court is Plaintiff's motion to file a second amended complaint. (DE 42-43). In addition to the claims set forth in the first amended complaint, Plaintiff contends that the assault conviction resulted in Plaintiff being classified as "incompatible" and that the conviction did not affect the length of Plaintiff's sentence.

In December 2013, the Magistrate Judge provided Defendant Schauman an opportunity to address the contents of Plaintiff's second amended complaint. (DE 51).[2] Plaintiff's claim that prisoners are not notified of classification changes further suggests that Plaintiff might not be entirely at fault for the filing delay. As it appears Defendant Schauman will not be unduly

---

[2] To refresh the parties' memories, the relevant portion of the Magistrate Judge's Order is provided: "[T]he Magistrate Judge would request that Defendant Schauman file a reply to the Plaintiff's response (Docket Entry 49) on or before **January 11, 2014.** The Magistrate Judge is particularly interested in the effect, if any, of the case of *Muhammad v. Close*, 540 U.S. 749 (2004). . . . In their reply, the State should consider the strong possibility that the Magistrate Judge will permit the filing of the second amended complaint." (DE 51). As discussed below, the facts alleged in Plaintiff's second amended complaint are similar to the facts in *Muhammad*, where the conviction did not affect the length of the inmate's prison sentence. *See* 540 U.S. at 754–55.

4

prejudiced by this amendment and it is unclear whether Plaintiff's late filing is attributable to Plaintiff, leave to amend should be granted.[3]

### III. MOTION TO DISMISS

**A. Standard of Review: Federal Rule of Civil Procedure 12(b)(6)**

While the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it must contain enough factual assertions which, if "accepted as true, . . . 'state a claim to relief that is plausible on its face.'" Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Legal conclusions are not accepted as true in this inquiry; rather, the court determines whether the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Complaints that fail to state a plausible claim for relief are subject to dismissal. *Id.* at 679. To meet this burden, the claimant must allege "more than labels and conclusions, and a formulaic recitations of the elements of a cause of action." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 247 (6th Cir. 2012)). Though *pro se* complaints should be liberally construed, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (citation omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011).

**B. Analysis**

To state a claim under 42 U.S.C. § 1983, Plaintiff must show that a state actor violated a federal law or a constitutional right. *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005).

---
[3] Even though Plaintiff's constitutional claims should be dismissed under Fed. R. Civ. P. 12(b)(6), granting leave to amend is not futile. The second amended complaint contains a fact which is crucial for deciding whether Plaintiff's claims are *Heck*-barred, as discussed below.

1. *Heck* **Does Not Bar Plaintiff's § 1983 Claims**

Inmates may challenge the circumstances of their confinement under § 1983. *Hill v. McDonough*, 547 U.S. 573, 579 (2006). "A state prisoner's § 1983 action is barred (absent prior invalidation [of his conviction])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *LaFountain v. Harry*, 716 F.3d 944, 950 (6th Cir. 2013); *see also Edwards v. Balisok*, 520 U.S. 641, 643 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). This *Heck*-hurdle applies to both procedural and substantive challenges under § 1983 if the challenge could invalidate the judgment and restore "good-time credits and hence . . . shorten[] the prisoner's sentence." *Wilkinson v. Dotson*, 544 U.S. 74, 84 (2005). The *Heck* bar does not apply when "a prisoner's challenge . . . threatens no consequence for his conviction or the duration of his sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004).

According to Plaintiff, the Disciplinary Board found Plaintiff guilty of assault based on Defendant Schauman's testimony and Defendant Phillips' "confidential" statement. (DE 42-1, p. 4 ¶¶ 21). After Plaintiff was convicted of assault, he was denied time reduction credits[4] he was otherwise owed pursuant to Tenn. Code Ann. § 41-21-236(a)(2)(A). (DE 42-1, p. 4 ¶ 22). Plaintiff later contends that prior to the assault conviction he already possessed the maximum number of credits which meant that the assault conviction did not impact the length of his sentence. (DE 42-1, p. 3 ¶ 11). If the loss of credits did not impact the duration of Plaintiff's sentence, and adjudication of the alleged racial conspiracy would not affect his underlying second degree murder conviction (DE 42-1, p. 3 ¶ 10), the *Heck* bar is inapplicable.

---

[4] Tenn. Code Ann. § 41-21-236(j) As used in this section, "sentence credits" includes any credit, whether called that or not, that results in a reduction of the amount of time an inmate must serve on the original sentence or sentences.

**2. Equal Protection Claims**

Equal protection challenges may be raised from within prison walls. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). As the United State Supreme Court announced, "[t]here is no iron curtain drawn between the Constitution and the prisons of this country." *Id.* at 555–56. Even though *Heck* and its progeny do not preclude Plaintiff's claims, dismissal is nevertheless warranted because Plaintiff's pleadings do not set forth sufficient facts to state a plausible claim for relief.

To prevail under a § 1983 equal protection challenge, the claimant "must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Deleon v. Kalamazoo Cnty. Rd. Comm'n*, 739 F.3d 914, 918 (6th Cir. 2014). Plaintiff must show that Defendants intentionally treated him differently than similarly situated individuals, targeted a suspect class, or burdened a fundamental right. *Schellenberg v. Twp. of Bingham*, 436 F. App'x 587, 591 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 313 (6th Cir. 2005). These allegations must be supported by facts. Merely alleging that an individual's actions were "racially based [and] supported by animosity towards [the] plaintiff" who belongs to a different race does not suffice. *Nali v. Ekman*, 355 F. App'x 909, 912–13 (6th Cir. 2009) ("The fact that 'defendants are caucasian' and that Nali 'is non-caucasian' does not by itself show that defendants were motivated to discriminate against him on the basis of his race or ethnicity.");[5] *see also Harden-Bey v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008) ("[I]n the context of a civil rights claim, . . . conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim.") (citation omitted).

---

[5] Even though *Nali* involved claim arising under 42 U.S.C. § 1985, both § 1983 and § 1985 pleadings require the same level of specificity. *Dallas v. Holmes*, 137 F. App'x 746, 752 (6th Cir. 2005).

Conspiracy claims under § 1983 require showing "an agreement between two or more persons to injure another by unlawful action." *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 563 (6th Cir. 2011). Conspiracy claims under § 1983 are held to a "relatively strict" pleading standard and "must be pled with some degree of specificity." *Id.* (citations omitted). It is not enough to submit "[l]egal conclusions that are 'masquerading as factual allegations.'" *Id.* at 564.

According to Plaintiff, Defendants Schauman and Phillips acted and conspired to convict Plaintiff of assault. The facts alleged, however, do not draw an inference of intentional discrimination based on race. Plaintiff's claims that his race motivated the actions and that a racial conspiracy existed are legal conclusions. Even if Defendant Phillips' alleged membership in a white supremacy group suggested such a motive, Plaintiff does not set forth facts regarding Defendant Schauman's intent. Plaintiff's conclusory allegations of racially motivated actions and a conspiracy[6] do not provide sufficient factual allegations to state a plausible claim for relief. Dismissal of Plaintiff's equal protection claims is therefore warranted.

### 3. Classification, Transfer, Job and Educational Opportunities, and Visitation Rights

Plaintiff does not state cognizable equal protection challenges to (1) his new classification as "incompatible," (2) his transfer to WTSP, (3) the loss of his in-prison job and educational opportunities, and (4) decreased visitation and intimate association as a result of his transfer from RMSI to WTSP.

Prisoners neither enjoy the constitutional right to a specific security classification, nor do they have the constitutional right to be incarcerated at a particular location when the

---

[6] An illustrative example of Plaintiff's legal conclusions is provided: "Defendants Schauman and Phillips entered in to a conspiracy to impede justice which they undertook to deny the Plaintiff his right to be free from racial discrimination and his rights to equal protection under the law as stated in the Fourteenth Amendment to the United States Constitution, and caused the Plaintiff pain, suffering, injury and emotional distress." (DE 42-1, p. 7 ¶ 32).

8

classification and location do not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Harbin-Bey*, 420 F.3d at 576–77; *see also Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Meachum v. Fano,* 427 U.S. 215, 225 (1976). Likewise, prisoners are not entitled to participate prison jobs or in vocational, rehabilitative, or educational programs. *Moody*, 429 U.S. at 88 n. 9; *Martin v. O'Brien*, 207 F. App'x 587, 590 (6th Cir. 2006); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003); *Davis v. Clinton*, 74 F. App'x 452, 455 (6th Cir. 2003); *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989). Although inmates retain many First Amendment protections, some of these rights "are inconsistent with the status of a prisoner." *Bazzetta v. McGinnis*, 430 F.3d 795, 804-05 (6th Cir. 2005) (quoting *Shaw v. Murphy,* 532 U.S. 223, 229 (2001)). Prison regulations explicitly restricting all visitation rights did not violate the First Amendment in *Bazzetta*. *See* 430 F.3d at 804–05. Plaintiff alleges no prison policy restricting his visitation rights. Instead, he claims that as a result of Plaintiff's transfer to WTSP, Plaintiff's visitors must now travel farther. According to Plaintiff, the former forty-five minute commute to visit Plaintiff is now three hours. (DE 42-1, p. 5 ¶ 24). This is not an "atypical or significant deprivation," and thus Plaintiff's challenge fails.

4. **State Law Claims Dismissed Without Prejudice**

In addition to alleging constitutional violations, Plaintiff also pleaded claims arising under Tennessee law. According to Plaintiff, Defendants Schauman is liable for violating Tenn. Code Ann. § 41-1-103, and both defendants are liable for negligence and intentional infliction of emotional distress. Plaintiff has not alleged diversity of citizenship under 28 U.S.C. § 1332. Instead, he contends that this Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. Since the federal constitutional claims providing original jurisdiction should

9

be dismissed, this Court may decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3); *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010). Accordingly, Plaintiff's state law claims should be dismissed without prejudice.

## IV. MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT PHILLIPS

Default judgment should not be entered when a claimant fails to state a claim upon which relief can be granted. *Harrison v. Bailey*, 107 F.3d 870 (6th Cir. 1997); *Great Lakes Reinsurance (UK) PLC v. Paige*, 1:13-CV-32, 2014 WL 359678, at *2 (E.D. Tenn. Feb. 3, 2014); *Kwik-Sew Pattern Co., Inc. v. Gendron*, 1:08-CV-309, 2008 WL 4960159, at *1 (W.D. Mich. Nov. 19, 2008); *In re Biery*, 10-23338, 2013 WL 4602698, at *1 (Bankr. E.D. Ky. Aug. 29, 2013). As Plaintiff's federal claims should be dismissed for failure to state a claim, Plaintiff's motion for default judgment against Defendant Phillips should be denied with regard to these claims. Plaintiff's state law claims against both Defendant Schauman and Defendant Phillips should be dismissed without prejudice, and Plaintiff's motion for default judgment against Defendant Phillips should similarly be dismissed without prejudice with regard to these state law claims.

## V. RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** that Plaintiff's second motion to amend his complaint be **GRANTED**, Plaintiff's federal claims be **DISMISSED** with prejudice, Plaintiff's state law claims be **DISMISSED** without prejudice, and Plaintiff's motion for default judgment against Defendant Phillips be **DENIED** with regard to Plaintiff's federal claims and be **DISMISSED** without prejudice with regard to Plaintiff's state law claims.

Within fourteen (14) days from receipt of this R&R, the parties may serve and file written objections to the findings and recommendations made herein. Fed. R. Civ. P. 72(b)(2). Parties opposing the objections must respond within fourteen (14) days from service of these objections.

*Id.* Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** the 24th day of June, 2014,

/s/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge